UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
CIVIL DIVISION

POLLY RISENHOOVER,

       Plaintiff,

v.                          Case No.:   2:23-cv-02006

ZACHARY KING, In His Individual and Official Capacities
As Police Officer with Dyer Police Department;
JOSHUA WINFORD, In His Individual and Official Capacities
As Chief of Police for the City of Dyer, Arkansas;
CITY OF DYER, ARKANSAS;
DYER POLICE DEPARTMENT;

       Defendants.

---

## CIVIL RIGHTS COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, the Plaintiff, Polly Risenhoover, by and through her attorneys, Adam H. Rose, and David L. Powell, of The Law Offices of David L. Powell, PLLC, and for her Complaint against the Defendants, states:

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1343 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1983 and § 1988, the Fourth and Fourteenth Amendments of the United States Constitution.

2. Plaintiff further invokes the pendent jurisdiction of this court to hear and decide claims arising under State law. Those claims and causes include action for

1

damages and relief as set out below for negligence, assault, excessive force, and battery.

3. Venue is proper pursuant to 28 U.S.C. § 1391. The Defendants are residents of Crawford County, Arkansas and the events giving rise to the causes of action contained in this Complaint occurred in Dyer, Arkansas which is located in Crawford County, Arkansas.

## II.

## PARTIES

4. The Plaintiff, Polly Risenhoover, at all times relevant hereto, was a resident of the State of Arkansas and a citizen of the United States of America.

5. At all times relevant hereto, Defendant Zachary King (hereinafter "Defendant King") was a citizen of the United States and a resident of the State of Arkansas and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City and/or the Dyer Police Department. Defendant King is sued individually and in his official capacity.

6. At all times relevant hereto, Defendant Joshua Winford (hereinafter "Defendant Winford") was a citizen of the United States and a resident of the State of Arkansas. Defendant Winford is sued in his official capacity as Chief of the Dyer Police Department, employed by the Defendant City of Dyer and/or the Dyer Police Department, and was acting under color of state law when the events giving rise to this Complaint occurred. As the Chief for the Dyer Police

Department, Defendant Winford was the final authority for making decisions with respect to the Dyer Police Department's actions in Dyer, Arkansas.

7.  The Defendant City of Dyer (hereinafter "Defendant City") is a political subdivision of the State of Arkansas, for which Defendant King served as a police officer, and Defendant Joshua Winford currently serves as Chief of the Dyer Police Department.

8.  The Defendant Dyer Police Department is a municipal department for the City of Crawford, Arkansas, for which Defendant King serves as a deputy officer, and Defendant Winford currently serves as Chief of the Dyer Police Department.

### III.

### FACTUAL ALLEGATIONS

9.  Plaintiff fully incorporates all of the preceding paragraphs as if they were fully set forth again at this point.

10. On or about Thursday, May 20, 2021, at around 7:23 p.m., Mrs. Risenhoover, a 65-year-old woman, was inside her home located at 111 Breezy Lane, Dyer, AR 72935.

11. Around 7:23pm on May 20, 2021, Defendant King was dispatched to a potential gun threat located at 137 Turner Dyer, Arkansas 72935. Defendant King and Defendant Chief Joshua Winford arrived and responded to the scene.

12. At this time, both officers were told that the alleged gunman was inside of 111 Breezy Lane. Officers made commands for everyone in the home to come outside,

and finally, the alleged gunman came out of the home along with Mrs. Risenhoover and her husband.

13. Mrs. Risenhoover was then patted down by Defendant Winford, and it was discovered she had no weapons of any kind on her body, nor did her husband. It was also discovered at this time that the alleged "gun" used by Mr. Franks was just an air pellet gun used by Mr. Michael Franks to protect his dog on walks from getting attacked.

14. Mrs. Risenhoover was then sequestered away from her husband and was solely present with Defendant King. At this time, he began trying to question her, and she insisted on asking him what was going on.

15. At this point, Defendant King became frustrated with Mrs. Risenhoover and he then tackled the 65-year-old woman, who was not armed, to the ground.

16. A physical altercation ensued, resulting in Defendant King tackling Mrs. Risenhoover to the ground, wherein Defendant King used violent, excessive force against Mrs. Risenhoover. Once on the ground, Defendant King continually beat Mrs. Risenhoover and then restrained her by pinning her hands and arms behind her back.

17. At no point during the incident did Defendant King attempt to use de-escalation tactics or subdue Mrs. Risenhoover with a taser and/or pepper spray. Mrs. Risenhoover had to be transported to the ER and was not even arrested on any charges.

18. Such force used by Defendant King, individually and in his official capacity, was in excess of any force required to take Mrs. Risenhoover in custody and maintain her in custody, was grossly out of proportion to any need for the use of force by Defendant King, was not employed in good faith, and caused severe injuries to Mrs. Risenhoover.

19. That Defendant King acted with malice and/or reckless disregard for whether Mrs. Risenhoover's rights would be violated by their actions.

20. Mrs. Risenhoover was treated at the hospital on or about May 20, 2021, after the incident, and continued to get treatment thereafter for her injuries.

21. As a result of the Defendants' reckless disregard, deliberate indifferences and intentional acts, Mrs. Risenhoover has sustained serious bodily harm due to the excessive force used by Defendant King.

22. That as a proximal cause of the excessive force used by Defendant King in tackling Mrs. Risenhoover, she suffered an injury to her back, body, and head for which she will need continual medical treatment.

23. That as a proximal cause of the excessive force used by Defendant King in tackling Mrs. Risenhoover, she sustained medical expenses in an amount to be determined at trial.

24. That as a proximal cause of the excessive force used by Defendant King in tackling Mrs. Risenhoover, she sustained permanent injuries.

25. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas failed to respond to previous complaints of acts of battery, assault, and negligence committed by Defendant King.

26. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas failed to respond to previous complaints of violations of individuals' rights protected under the Fourth and Fourteenth Amendments to the United States Constitution committed by Defendant King.

27. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas failed to respond to previous complaints of violations of 42 U.S.C. § 1983 committed by Defendant King.

28. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas were aware, or should have been aware, of the propensity of Defendant King to commit acts of battery, assault, and negligence against individuals.

29. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas were aware, or should have been aware, of the propensity of Defendant King to violate individuals' rights protected under the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas were aware, or should have been aware, of the propensity of Defendant King to violate 42 U.S.C. § 1983.

31. Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas are responsible for the training and supervision of Defendant King.

32. Even with knowledge of the facts contained in the preceding paragraphs, Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas inadequately trained Defendant King and were deliberately indifferent to the inadequate training.

33. Even with knowledge of the facts contained in the preceding paragraphs, Defendants Winford, the Dyer Police Department and the City of Dyer, Arkansas inadequately supervised Defendant King and were deliberately indifferent to inadequate supervision.

34. The use of excessive force is so well settled and widespread in the Dyer Police Department, that Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas had either actual or constructive knowledge of its use yet did nothing to end the use.

**IV.**

**CAUSES OF ACTION**

**COUNT I**
**Violation of Plaintiff's Rights Under the**
**Fourth Amendment of the United States Constitution**

35. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

36. Plaintiff's rights protected under the Fourth Amendment of the United States Constitution were violated when Defendant King used objectively unreasonable force, excessive force, against her on the night of May 20, 2021.

37. Any reasonable law enforcement officer should have known that his conduct violated clearly established federal law and was a direct violation of the Fourth Amendment to the United States Constitution.

38. All injuries to Polly Risenhoover were done under color of law as defined by 42 U.S.C. § 1983. The Defendants acted under color of state laws, statutes, ordinances, regulations, policies, customs, and usage of the State of Arkansas, the City of Dyer, Arkansas, to intentionally, deliberately, and with deliberate indifference violate Polly Risenhoover's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of the aforementioned acts of Defendant King Polly Risenhoover sustained serious bodily harm, permanent injuries, medical expenses, and pain and suffering.

40. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the violation of Plaintiff Polly Risenhoover's rights protected under the Fourth Amendment of the United States Constitution. Therefore, Defendant King, the Dyer Police Department and the City of Dyer, Arkansas are liable to Plaintiff Polly Risenhoover for the Fourth Amendment violations committed by Defendant King.

**COUNT II**
**Violation of Plaintiff's Rights Under the**
**Fourteenth Amendment of the United States Constitution**

41. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

42. Plaintiff's rights protected under the Fourteenth Amendment of the United States Constitution were violated when Defendant King used objectively unreasonable force, excessive force, against her on the night of May 20, 2021.

43. On or about May 20, 2021, Defendant King acting within the course and scope of his duties as police officer of the Dyer Police Department of the City of Dyer, Arkansas, deprived Polly Risenhoover of said rights to be free from unreasonable seizures and excessive force when Defendant King unlawfully, unreasonably and without justification harmed the Plaintiff when he used excessive force.

44. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the violation of Plaintiff Polly Risenhoover's rights protected under the Fourteenth Amendment of the United States Constitution. Therefore, Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas are liable to Plaintiff Polly Risenhoover for the Fourteenth Amendment violations committed by Defendant King.

### COUNT III
### Violation of 42 U.S.C. § 1983

45. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

46. Through his violation, under color of state law, of Plaintiff Risenhoover's Fourth and Fourteenth Amendment rights protected under the Constitution of the United States, Defendant King violated 42 U.S.C. § 1983.

47. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the violation of 42 U.S.C. § 1983. Therefore, Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas are liable to Plaintiff Polly Risenhoover for the violations of 42 U.S.C. § 1983 committed by Defendant King.

**COUNT IV**
**Tort of Negligence**

48. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

49. Defendant King was negligent in his excessive use of force against Plaintiff Polly Risenhoover.

50. Defendant King, as a police officer with the Dyer Police Department, owed Plaintiff Polly Risenhoover a duty of care.

51. Defendant King breached his duty of care to Plaintiff Polly Risenhoover when he tackled an unarmed, elderly woman to the ground.

52. Through the breach of his duty of care, Defendant King directly caused injury to Plaintiff Polly Risenhoover.

53. Plaintiff Polly Risenhoover suffered damages as a result of the negligence of Defendant King.

54. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the negligent acts committed by Defendant King. Therefore, Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas are liable to Plaintiff Polly Risenhoover for the tort of negligence committed by Defendant King.

**COUNT V**
**Torts of Battery and Assault**

55. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

56. Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

57. Through his intentional and harmful use of excessive force, Defendant King committed battery and assault upon Plaintiff Polly Risenhoover.

58. Plaintiff Polly Risenhoover sustained serious bodily harm, permanent injuries, medical expenses, and pain and suffering as a result of the battery and assault committed upon her by Defendant King.

59. Said assault and battery was not consented to by Plaintiff Polly Risenhoover. Said assault, battery, and excessive use of force injured and damaged the Plaintiff. Said harmful and offensive contact, i.e., the assault, battery, excessive use of force, was intentionally committed by the Defendant King, and was willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to Defendant King.

60. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the tort of battery and assault committed by Defendant King. Therefore, Defendant Winford the Dyer Police Department and the City of Dyer, Arkansas are liable to Plaintiff Polly Risenhoover for the tort of battery committed by Defendant King.

**V.**
**<u>CONCLUSION</u>**

61. Defendants King and Winford, the Dyer Police Department and the City of Dyer, Arkansas violated Plaintiff Polly Risenhoover's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62. Through their violation, under color of state law, of Plaintiff Polly Risenhoover's rights under the Fourth and Fourteenths Amendments of the United States Constitution, Defendant King, Winford, the Dyer Police Department and the City of Dyer, Arkansas violated 42 U.S.C. § 1983.

63. Defendants King, Winford, and the Dyer Police Department and the City of Dyer, Arkansas committed the torts of negligence, battery, and assault against the Plaintiff Polly Risenhoover.

64. The policies, practices, procedures, and customs established by Defendant, Winford the Dyer Police Department and the City of Dyer, Arkansas led to the violations of Plaintiff Polly Risenhoover's rights protected under the Fourth and Fourteenth Amendments of the United States Constitution.

65. The policies, practices, procedures and customs established by Defendant Winford the Dyer Police Department and the City of Dyer, Arkansas led to the violation of 42 U.S.C. § 1983.

66. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the torts of negligence, battery, and assault committed against Plaintiff Polly Risenhoover.

## VI.

## **PRAYER FOR RELIEF**

67. Plaintiff Polly Risenhoover hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

68. Plaintiff Polly Risenhoover hereby requests judgement against Defendant King in his individual capacity.

69. Plaintiff Polly Risenhoover hereby requests judgement against Defendant King in his official capacity as an employee of the Dyer Police Department and the City of Dyer, Arkansas.

70. Plaintiff Polly Risenhoover hereby requests judgement against the Dyer Police Department and the City of Dyer, Arkansas.

71. The policies, practices, procedures, and customs established by Defendant Winford, the Dyer Police Department and the City of Dyer, Arkansas led to the violations of Plaintiff Polly Risenhoover's rights protected under the Constitution

of the United States, 42 U.S.C. § 1983, as well as to the torts of negligence,

battery, and assault committed upon Plaintiff Polly Risenhoover.

72. Plaintiff Polly Risenhoover hereby requests compensatory and punitive damages

against Defendants King, Winford, the Dyer Police Department and the City of

Dyer, Arkansas. The amount of said judgment shall exceed that required for

federal jurisdiction, the specific amount of which will be more particularly proved

at trial.

73. Plaintiff Polly Risenhoover hereby requests attorney's fees and costs.

74. Plaintiff Polly Risenhoover hereby requests she be awarded her medical bills and

lost wages.

75. Plaintiff Polly Risenhoover hereby requests that she be awarded pre-judgment

interest on its judgment.

76. Plaintiff Polly Risenhoover hereby requests that such other and further relief as

the Court may deem equitable, proper, and just, be granted.

Respectfully Submitted,

By**:   /s/ Adam H. Rose**
Adam H. Rose, ABA#2020194
Law Offices of David L. Powell, PLLC.
541 N Greenwood Ave,
Fort Smith, AR 72901
(479) 222-6773 Telephone
(469) 769-2273 Facsimile
adam.dpowellfirm@gmail.com
*Attorney for Plaintiff*

By**:    /s/ David L. Powell**

David L. Powell, ABA#2011256
Law Offices of David L. Powell, PLLC
541 N Greenwood Ave,
Fort Smith, AR 72901
(479) 222-6773 Telephone
(469) 769-2273 Facsimile
dpowellfirm@gmail.com
*Attorney for Plaintiff*